SNYDER INDEPENDENT SCHOOL DISTRICT ET AL. V. JAMES SHAW, BANKING COMMISSIONER ET AL.

No. 6720.   Decided December 11, 1935.
(88 S. W., 2d Series, 85.)

*Wagstaff, Hartwell, Wagstaff & Douthit, Stinson, Hare, Brooks & Duke,* all of Abilene, for plaintiffs in error.

In conveying the land in controversy to the banking commissioner, Taylor had the right, under the law, to direct that the proceeds thereof should be applied first to the obligation on which he was surety for the First State Bank & Trust Company, and offset against his direct liability to the bank, and the balance to his direct obligation to the bank. Texas Jur., page 422; Steelman v. Atchley, 135 S. W., 902, 32 L. R. A. (N. S.) 1060; New York County Natl. Bank v. Massey, 192 U. S., 138; Mercer v. Dyer, 15 Mont., 320.

*Ocie Speer, Jay H. Brown,* and *John O. Douglas,* all of Austin, for defendants in error.

The school district is not entitled to any lien against the lands in controversy, nor to any payment of any part of the proceeds thereof when sold by the banking commissioner upon any principal of legal or equitable set-off. Austin, Banking Comr., v. Lamar County, 26 S. W. (2d) 1062; Lion Bonding & Surety Co. v. Austin, 208 S. W., 542; Denson v. Shaw, Comr., 62 S. W. (2d) 344; Shaw v. U. S. F. & G. Co., 48 S. W. (2d) 974, 83 A. L. R., 113.

Mr. Judge SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error, The First State Bank & Trust Company, at Snyder, became depository of plaintiff in error, Snyder Independent School District, with plaintiffs in error, Ernest Taylor and H. P. Wellborn, and Sam Hamlett, sureties on the depository bond. The bank, becoming insolvent, passed into the hands of the Banking Commissioner of Texas for liquidation, and the claim of Snyder Independent School District was approved as a general unpreferred claim in the amount of $20,539.33. Taylor was indebted to the bank in the sum of $11,000, evidenced by his promissory note, and he became indebted to the Banking Commissioner for the benefit of the bank's creditors in the additional sum of $24,900, on account of an assessment levied against him as a stockholder.

Desiring to make settlement of his indebtedness to the bank and the Banking Commissioner, Taylor entered into a written contract with A. J. McKinnon, Special Agent for the Banking Commissioner, whereby he agreed to convey to the Special Agent, and the Special Agent agreed to accept, several tracts of land in full settlement of all liability of Taylor on account of said note and said assessment. On the same day Taylor executed and delivered to the Special Agent a deed conveying the land to the Banking Commissioner and reciting that the consideration for the conveyance was the full release of all liability evidenced by the note and the assessment. The settlement made by the contract and deed was duly approved by order of the district court of Scurry County.

The written contract of settlement contained the following paragraph with respect to the application of the property, or the proceeds of the property, conveyed to the Banking Commissioner:

"In connection with said transfer *the said Ernest Taylor expressly stipulates and directs that the proceeds of said property when sold shall be first applied to the full settlement of all principal and interest due on his note to the First State Bank & Trust Company, and the balance, after discharging said note and interest to be applied on his assessment.*" (Our italics.)

The contract contained also the following paragraph:

"It is agreed and understood that the First State Bank and Trust Company was depository for the Snyder Independent School District, and Ernest Taylor, Sam Hamlett and H. P.

Wellborn, sureties on the Bond of said Bank to secure the deposits of said District have been sued on said bond, and that said sureties will undoubtedly be liable on said Bond for a large amount of money for the reason that said defunct Bank will make default in the payment of said funds to the extent of probably 75% of said deposit. In view of this fact, *it is the contention of Ernest Taylor* that he and the other bondsmen are entitled, by law, to direct that the sum paid on his said note, be by the Special Agent, paid to the School Board at Snyder to apply as a credit on the liability of said Bondsmen on said Bond. *It is therefore agreed that the said Ernest Taylor* for himself and the other bondsmen, towit: H. P. Wellborn and Sam Hamlett, *does not waive* any equitable or legal right he or they may have to direct and require the proceeds of his said note above described to be paid to the School Board on its deposit, and thus applied as a credit or set-off against the liability of said Bondsmen on said Bond by reason of the default of said First State Bank & Trust Company, principal on said Bond, *and neither the said Ernest Taylor, nor the other bondsmen shall be estopped from hereafter asserting* any legal or equitable right that they, or any of them have under the law, prior to the delivery of said deeds, to have the proceeds of said note, or the proceeds of the property above described, applied in full to the payment of the debt due the Snyder Independent School District by said First State Bank & Trust Company. It being understood that *the said A. J. McKinnon, Special Agent, does not admit* the right of set-off, but it is the intention of the parties that Ernest Taylor shall not hereafter be estopped from asserting any equitable or legal right of set-off he now has in the premises, because of this conveyance and settlement." (Our italics.)

The district court rendered judgment in favor of the school district against Taylor, Wellborn and Hamlett as sureties on the depository bond for $20,539.33, the amount of the school funds on deposit when the bank was closed, and judgment against the bank, the Banking Commissioner and the Special Agent fixing and foreclosing a lien on the several tracts of land which had been conveyed by Taylor to the Banking Commissioner and were still in the latter's possession, and directing that the proceeds of the land when sold be applied to one-half of the balance due the school district after payment of any dividends received from the assets of the bank, and that any

balance of such proceeds be applied to Taylor's obligation to the bank.

On the appeal of the bank, the Banking Commissioner and the Special Agent, the Court of Civil Appeals reversed and rendered in favor of said appellants that part of the trial court's judgment which declared the existence, and decreed a foreclosure, of a lien on the land. 67 S. W. (2d) 376.

The first contention made by plaintiffs in error, the school district, Taylor and Wellborn, to support the trial court's action, in decreeing the existence of a lien in favor of the school district on the land conveyed by Taylor to the Banking Commissioner, is that the contract between Taylor and the Special Agent is to be construed as an agreement directing and requiring that the land conveyed by Taylor to the bank, or its proceeds when sold, be applied first to the obligation to the school district on which Taylor was surety for the bank, and that the balance be applied to Taylor's direct obligations to the bank.

■ Such construction does violence to the plain terms of the contract, which states that the land is to be conveyed by Taylor and accepted by the Banking Commissioner for the purpose of releasing and discharging Taylor from all liability on his note to the bank and on the assessment made against him. In the paragraph first above copied from the contract, Taylor *expressly stipulates and directs* that the proceeds of the land when sold shall be first applied to the full settlement of the note and then to the assessment. Thus Taylor in the written contract directs the application of the proceeds of the land to the debts he owes the bank and the Banking Commissioner, and does not direct, as plaintiffs in error contend, that the proceeds be applied to the obligation to the school district.

■ The other paragraph of the contract which has been copied herein is not an agreement between Taylor and the Special Agent as to the application of the property conveyed by Taylor It is merely a statement of Taylor's contention, to the correctness of which the Special Agent does not agree, that by reason of the payment (the conveyance of the land) made by him on his note he is entitled to a credit or set-off against his liability on the depository bond and that by making the settlement he shall not be estopped from asserting thereafter such right as he may have to a credit or set-off. The mere statement in a contract that one of the parties is contending that

he is entitled to other or further rights than those given by the contract does not alter the effect or meaning of the contract's clear expression of the agreement actually made.

The testimony given by Taylor as to what was said by him when the contract was executed, if admissible, does not contradict the deed or the contract. He gave no testimony indicating that the contract and the deed did not direct the application of the proceeds of the land to the note that he owed the bank and the assessment made against him. The substance of his vague testimony is that from the information he had he believed his obligation as surety and what he owed the bank would offset, that he told the Banking Commissioner and his representative that he "wanted that to be done," and that there would not have been any contract if he had not wanted that done.

Since Taylor did not direct that the land or the proceeds be applied to the obligation to the school district, but on the contrary directed their application to the discharge of his liability on the note and on the assessment, it is unnecesary to determine whether he had the right to direct or require the application of the payment to the satisfaction of the obligation to the school district; and since the Banking Commissioner did not agree to apply the land or its proceeds to the school district's claim, the question whether he had the authority to make such agreement need not be considered.

The other contention made by plaintiffs in error is that Taylor had, either according to the contract or notwithstanding the contract, the right to set-off the amount of the bank's indebtedness to him, arising from his suretyship for the bank on the depository bond, against his direct obligations represented by the note and the assessment.

Defendants in error present a number of reasons and authorities in support of their position that the doctrine of set-off has no application to this case. These need not be considered severally because we agree with the conclusion of the Court of Civil Appeals that under the facts of the case no right of set-off can exist, and approve the reasons for that conclusion so clearly expressed by Judge Funderburk in writing the opinion of that court, as follows:

"To the extent that a debt is paid, and thereby ceases to exist as a debt, it is not available to offset another debt. When Taylor delivered his deed to the banking commissioner, he thereupon ceased to owe the insolvent bank or the banking

commissioner anything. His debt due to the insolvent bank, and his debt due to the creditors of the bank by reason of his being a stockholder, were as completely wiped out and rendered nonexistent as if he had handed the full amount to the banking commisisoner in money. There was, therefore, no debt with which he could offset the debt, if any, owing by the bank to him by reason of his being the bank's surety on its bond. This proposition is so self-evident and elementary that it seems to us to call for no search for precedents."

The argument is made by plaintiffs in error that Taylor would have been entitled to the right of set-off, if he had made payment of the bank's debt to the school district, or if he had permitted the bank to take his property and pay the school district's claim, and that, therefore, he should be accorded the right of set-off. But Taylor made no payment to the school district, and there was no agreement that his property should be applied by the bank to the school district's claim. The rights of the parties must be determined in accordance with the facts of the case.

Taylor's note to the bank and his liability on account of the assessment were assets of the bank in which all creditors were entitled to share. When, with the approval of the district court, he conveyed the land in settlement of his note and of the assessment against him, the land became an asset of the bank in place of the note and the liability under the assessment. The trial court's judgment fixing a lien in favor of the school district on the land conveyed by Taylor to the bank gave preference to the school district over other creditors, which is prohibited by Article 532 of the Revised Civil Statutes of 1925.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by Supreme Court December 11, 1935.